# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **VICTOR A. WHITTAKER,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO.  JKB-10-3370** |
| **MORGAN STATE UNIV. et al.,** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court are three motions;

1. Plaintiff's motion for default judgment (ECF No. 10);

2. Defendant Morgan State University's motion to dismiss for insufficient service of process (ECF No. 12); and

3. Defendant Morgan State University's motion for partial dismissal of the complaint for failure to state a claim (ECF No. 16).

Plaintiff is *pro se* and his basic complaint is that he was wrongfully terminated from his employment as an economics professor at the university.  He has asserted six counts:  Count I, 42 U.S.C. § 1981; Count II, 42 U.S.C. § 1983; Count III, Title VII employment discrimination; Count IV, breach of contract; Count V, First Amendment; and Count VI, Fourteenth Amendment.

In his motion for default judgment, Plaintiff has indicated he served all of the defendants via certified mail, restricted delivery.  This method of service is permitted under Rule 4(e)(1), Federal Rules of Civil Procedure, and Maryland Rule 2-121(a)(3).  He filed copies of the return receipts for all of the named individual defendants (ECF No. 7) as well as Morgan State (ECF

No. 8). Only Morgan State has filed a responsive pleading, albeit belatedly since it never requested an extension of time beyond its required pleading date of January 12, 2011. Morgan State has filed a motion to dismiss because of insufficient service of process, requesting dismissal of the named individual defendants in their individual capacities. Curiously, Morgan State is requesting dismissal *on behalf of* these defendants. Its motion is not seeking dismissal because of insufficient service of process on itself. Morgan State does not explain how it has standing to seek dismissal of other, unrepresented defendants. Two cases from other jurisdictions support this Court's conclusion that this motion is procedurally irregular and should be denied. *See Selective Way Ins. Co. v. RHJ Med. Ctr.*, No. 06-1211, 2008 WL 5156078, at *7 (W.D. Pa. Dec. 8, 2008) (ruling one third-party defendant had no standing to seek dismissal of claims against another third-party defendant); *Gaerte v. Great Lakes Terminal & Transport Corp.*, No. 3:05-cv-141, 2007 WL 2349611, at *2-3 (N.D. Ind. Aug. 14, 2007) (noting Fed. R. Civ. P. 56 "only contemplates a party moving for summary judgment *for itself*, not on behalf of another party"). *See also* Fed. R. Civ. P. 12(b) ("a *party* may assert" the defense of insufficient service of process (emphasis added)).

Even if this motion were properly filed, the Court would be inclined to deny it as without merit. The evidence that certified mail, restricted delivery, was signed for and accepted in the normal course of business at the Morgan State University post office for all of the named defendants is clear. What is troubling is the evidence (ECF Nos. 9, 15) that someone at Morgan State then "whited out" the signatures and returned the mail, marked "refused," to plaintiff. That evidence suggests an evasion of service and, possibly, an obstruction of the mail. Equally troubling is Morgan State's argument that plaintiff has not proved the agency of the person who signed for all of these restricted mail deliveries on behalf of the individual defendants. Plaintiff should be able to rely upon the usual procedures at Morgan State for delivery of the mail, and it

should not be necessary for this Court to conduct an evidentiary hearing to delve into how mail is handled at the university. Thus, if it were necessary to address the substance of this motion, the Court would easily find that all of the defendants in this case were properly served.

Complicating matters is a letter from Plaintiff to the Court in which he relates how the service copies of his motion for default judgment were returned to him as "refused." (ECF No. 15.) He has assumed that because his mail was refused, the intended recipients were not served with his motion, and therefore his motion should be withdrawn. He has jumped to an unwarranted conclusion. It seems fairer to conclude that a party refuses service of pleadings at that party's own peril and does not get to control whether an opposing party can have a valid motion by refusing to be served with it. Consequently, his letter is treated as a request for withdrawal of his motion conditional upon the finding that defendants were not served. In light of the Court's finding that defendants were, in fact, served, his request is a nullity.

Before Plaintiff's motion for default judgment can be considered, however, the substance of Morgan State's motion for partial dismissal, premised upon Eleventh Amendment immunity, should be addressed. Morgan State's motion is asserted not only for itself but also on behalf of the individual defendants who have been sued in their official capacities. Even though this motion raises a standing issue similar to the one pertaining to Morgan State's motion to dismiss because of insufficient service of process, the Court is treating the motion, with respect to those other defendants sued in their official capacities, as a suggestion for the Court to *sua sponte* consider the immunity defense as to them. Also, even though the State of Maryland has not observed filing deadlines in this case thus far, an Eleventh Amendment defense is not as susceptible to concerns of timeliness as would be other types of defenses. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 678 (1974) (state may raise Eleventh Amendment immunity defense for first time on appeal).

Generally, suit against a state is barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Because a suit against a state official in his official capacity is considered a suit against the state, *Kentucky v. Graham*, 473 U.S. 159, 165-67 & n.14 (1985), the asserted immunity is valid for all of these defendants and Morgan State University with respect to Count I (Section 1981), Count II (Section 1983), Count IV (breach of contract), Count V (First Amendment), and Count VI (Fourteenth Amendment). Thus, dismissal on this basis should be granted on these counts as to Morgan State University and to the following persons in their official capacities: David Wilson, Ed.D., President of Morgan State University; Earl S. Richardson, Ed.D., Former President of Morgan State University; T. Joan Robinson, Ph.D., Vice President for Academic Affairs at Morgan State University; Clara I. Adams, Ph.D., Former Vice President for Academic Affairs at Morgan State University; Burney J. Hollis, Ph.D., Dean, College of Liberal Arts, Morgan State University; Maurice C. Taylor, Ph.D., Vice President for University Operations at Morgan State University; Jodi Cavanaugh, J.D., Diversity Officer at Morgan State University; and Randal Reed, Ph.D., Professor of Economics at Morgan State University.

Because Dr. Wilson was sued only in his official capacity, he and Morgan State University remain defendants only as to Count III (Title VII employment discrimination).[1] All of the other named defendants were also sued in their individual capacities and remain defendants in all counts, with the exception of two students, Adrienne McClung and Giovanni Lawrence, who were not included in Count III and Count IV.

Resolving the motion to dismiss for insufficient service of process adversely to defendants and the motion for partial dismissal favorably to defendants leaves, nevertheless, a

---

[1] Title VII cases are not barred by the Eleventh Amendment against the states. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976).

4

still-viable, and unopposed, motion for default judgment against the named individuals in their individual capacities on all counts (with the earlier-noted exception of McClung and Lawrence in Count III and Count IV) as well as against Dr. Wilson, Dr. Richardson, Dr. Robinson, Dr. Adams, Dr. Hollis, Dr. Taylor, Ms. Cavanaugh, and Dr. Reed, in their official capacities, and Morgan State on Count III. Rather than granting this motion, the Court will hold it in abeyance and afford defendants one more opportunity to file appropriate responsive pleadings on or before **April 4, 2011**. Failure to so file will subject defendants to the risk of default judgment.


Dated: _____March 21, 2011_____            _____/s/_____
                                             James K. Bredar
                                             United States District Judge